**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

|  |  |  |
|---|---|---|
| In re: | * | |
| | * | |
| **SIGNAL HILL SUPPLY & SERVICE INC.,** | * | **Case No. 25-10776-KHK** |
| | * | Chapter 7 |
| Debtor. | * | |

_____

|  |  |  |
|---|---|---|
| **DONALD F. KING, TRUSTEE,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | **Adv. Pro. No. 26-01021-KHK** |
| | * | |
| **SAMUEL WAYNE HILLENBURG** | * | |
| | * | |
| Defendant. | * | |

**MOTION OF PLAINTIFF FOR PRELIMINARY**
**INJUNCTION TO MAINTAIN THE STATUS QUO**
**PENDING FINAL DETERMINATION ON MERITS OF COMPLAINT**

Donald F. King, Trustee ("**Plaintiff**" or "**Trustee**"), by counsel, pursuant to Rules 7065

and 9014 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"), files this motion

("**Motion**"), seeking entry of an order to preserve the status quo by requiring the Defendant to not

transfer any of the firearms or firearm-related property ("**Firearm Assets**") identified within

**Exhibit A** attached hereto, pending this Court's final determination on the merits of the Plaintiff's

Complaint[1] [Adv. Pro. Doc. No. 1]. In support of this Motion, Plaintiff states as follows:

_____

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Complaint. The Complaint
seeks, among other relief, to obtain an injunction enjoining the Defendant from transferring any Firearm Assets and a

_____

Bandar K. Al-Saif (VSB No. 100059)
ODIN FELDMAN PITTLEMAN PC
1775 Wiehle Avenue, Suite 400
Reston, Virginia 20190
Tel:   (703) 218-2144
Fax:   (703) 218-2160
bandar.al-saif@ofplaw.com

*Counsel for Plaintiff*

**PRELIMINARY STATEMENT**

1. On April 28, 2026, Plaintiff filed the Complaint, which initiated this adversary proceeding ("**Adversary Proceeding**"). The Complaint seeks avoidance of at least 83 transfers of Firearm Assets from Debtor to Defendant from May 2, 2020 to June 21, 2024.

2. Pending this Court's determination with respect to the merits of the Complaint, the Plaintiff seeks an order maintaining the status quo, prohibiting Defendant from transferring any Firearm Assets.

**JURISDICTION**

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (H).

**BASIS FOR RELIEF REQUESTED**

4. A Plaintiff's request for an order to preserve the status quo through preliminary injunctive relief is a matter of discretion for the Court and is within its equitable powers. *See Hughes Network Sys. v. Interdigital Commc'ns Corp.*, 17 F.3d 691, 693 (4th Cir. 1994).

5. Entitlement to relief is based upon a consideration of four factors: (1) plaintiff's likelihood of success on the merits; (2) plaintiff's likelihood to suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in plaintiff's favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

**i.     Plaintiff's Likelihood of Success on the Merits**

6. Plaintiff is likely to succeed on the merits of each underlying claim asserted against Defendant in this Adversary Proceeding.

---

judgment avoiding the transfers of the Firearm Assets from Debtor to Defendant. The Plaintiff incorporates all facts and legal assertions contained in the Complaint as if fully set forth herein.

a.  <u>Avoidance under 11 U.S.C. §§ 544(b), 548(a)(1)(A), 548(a)(1)(B), 550(a) and Va. Code Ann. §§ 55.1-400 and 55.1-400 (Counts I, II, III, IV and V)</u>

7.  Plaintiff is likely to succeed on the merits of Counts I, II, III, IV, and V in which he seeks to avoid the transfers of Firearm Assets. That the Firearm Assets were transferred, including the date of each transfer and the exact description of each firearm or firearm-related property, is not in dispute. Debtor's and Defendant's self-reported Acquisition & Disposition ("A&D") records confirm the relevant facts surrounding the transfers subject to Counts I through IV.  With respect to actual fraud under 11 U.S.C. § 548(a)(1)(A) and Va. Code Ann. §§ 55.1-400, i. the vast majority of the transfers occurred within two years of the petition date, and those transfers that are not within two years will not be precluded by the doctrine of laches; ii. the transfers were made at a time of significant creditor pressure against Debtor; iii. Defendant at all times was an insider, being the sole owner and officer of Debtor; and iv. all transfers lacked consideration. The presence of several badges of fraud establishes a presumption of fraudulent intent against Defendant, which Defendant must rebut.

8.  With respect to constructive fraud under 11 U.S.C. § 548(a)(1)(B) and Va. Code Ann. §§ 55.1-401, i. the vast majority of the transfers occurred within two years of the petition date, and of those transfers that are not within two years of the petition, all are within five years, ii. all transfers lacked consideration, and iii. Debtor was insolvent or rendered insolvent at the time of each transfer.

9.  Under 11 U.S.C. § 550(a)(1), if a transfer is avoided under sections 544 and 548 of the Bankruptcy Code, the trustee may recover the property transferred, or the value of such property from the initial transferee. Defendant is the initial transferee, and paragraphs 7 and 8 above establish prima facie claims against Defendant under sections 544 and 548 of the

3

Bankruptcy Code. Plaintiff, based on facts established from Debtor's and Defendant's own A&D

records, is likely to succeed on the merits of Counts I, II, III, IV, and V.

              b.        <u>Damages and Turnover for Unlawful Distributions under Va. Code
Ann. §§ 13.1-653, 13.1-690 and 13.1-692 (Count VI)</u>

10.    Plaintiff is also likely to succeed on the merits of Count VI in which he seeks

damages and turnover of the Firearm Assets.  Va. Code Ann. § 13.1-653 prohibits distributions to

shareholders if the corporation would not be able to pay its debts as they come due in the normal

course of business or the corporation's total assets would be less than its liabilities. Va. Code Ann.

§ 13.1-690.A requires a director discharge his duties in accordance with his good faith business

judgment of the best interests of the corporation. Under Va. Code Ann. § 13.1-692, a director who

does not comply with Va. Code Ann. § 13.1-690 is personally liable to the corporation and its

creditors for the distribution that exceeds what could have been distributed without violating

Chapter 9 of Title 13.1 of the Virginia Code.

11.    Although Va. Code Ann. § 13.1-690.D establishes that the person alleging a

violation has the burden of proving the violation, courts in Virginia have found liability against

officers and directors for transfers that left a corporation unable to pay its judgment creditor.

*Commonwealth Transp. Comm'r v. Matyiko*, 253 Va. 1 (1997).

12.    In *Matyiko*, a corporation's directors made distributions that assumed a

condemnation award that exceeded its eventual value. When the condemnation award was issued,

and the value did not meet the value distributed to the corporation's directors, the Commonwealth

Transportation Commissioner succeeded in receiving a judgment against the corporation's

directors for the difference between the distributions made and the ultimate condemnation award.

The facts in this case are not based upon a flawed assumption of value, but are instead based on

an unauthorized distribution of the Debtor corporation's assets for the direct benefit of its sole

owner and director. As a result, Plaintiff is likely to succeed on Count VI.

> c. Damages and Turnover for Conversion under Virginia common law (Count VII)

13. Count VII, for conversion, is the final count of the Complaint for which Plaintiff is

likely to succeed on the merits.

14. Plaintiff, as the duly appointed chapter 7 trustee for Debtor, has an interest in all

legal and equitable interests of the Debtor in property as of the petition date. Plaintiff's position as

Trustee of Debtor, and Debtor's sole ownership of the Firearm Assets at the time of each transfer,

establishes standing for a conversion claim, which two required elements are (i) an ownership

interest in the allegedly converted items; and (ii) the right to immediate possession of the items.

*Economopoulos v. Kolaitis*, 259 Va. 806, 814 (2000).

15. With standing established, the Plaintiff must prove two additional elements: (i) a

wrongful exercise or assumption of authority or dominion over the plaintiff's items; (ii) depriving

plaintiff of possession. *PGI, Inc. v. Rathe Prods., Inc.*, 265 Va. 334, 344 (2003).

16. At the time of each transfer, and at all times thereafter, Defendant wrongfully

exercised dominion over the Firearm Assets, depriving Debtor of possession of the Firearm Assets.

Debtor had full and exclusive ownership of the Firearm Assets and the right to immediate

possession of the Firearm Assets.

17. Plaintiff has established all elements for a prima facie claim of conversion, and by

the facts presented in the Complaint, Plaintiff is likely to succeed on the merits of the conversion

claim.

### ii.        Likelihood of Irreparable Harm

18.        The Debtor's estate stands to suffer irreparable harm if it is not granted an order to maintain the status quo pending this Court's ruling on the merits of the Complaint. If Defendant is not enjoined from further transferring the Firearm Assets, a bona fide purchaser may block Plaintiff's rights to turnover of the Firearm Assets, leaving Plaintiff with strictly monetary damages which Defendant may be unable to satisfy.

19.        Harm caused by a defendant's inability to pay damages can be considered irreparable. *Buffalo Wings Factory, Inc. v. Mohd*, 2008 U.S. Dist. LEXIS 86360 at *12, 1:07cv612 (JCC) (E.D. Va. Oct. 23, 2008) (citing *Hoxworth v. Blinder, Robinson & Co., Inc.*, 903 F.2d 186, 206 (3d Cir. 1990)). Moreover, Courts have approved the use of injunctions to prevent the dissipation of assets and preserve the status quo in order to protect assets that may be subject to collection pending the outcome of a case. *Deckert v. Indep. Shares Corp.*, 311 U.S. 282, 290 (1940).

20.        Without an injunction to prevent Defendant from transferring the Firearm Assets, the funds available to satisfy any judgment obtained by Plaintiff may be insufficient, which would cause irreparable harm to Debtor's estate.

### iii.        Balance of Equities Favors the Plaintiff

21.        The balance of equities favors entry of an order maintaining the status quo. Defendant will suffer little to no harm from a restriction on transferring the Firearm Assets. Defendant's possessory rights will be unaffected by the injunction sought by Plaintiff. To the extent Defendant still holds the Firearm Assets, the Firearm Assets have been in Defendant's possession for nearly two years in all cases, and for five years for some of the Firearm Assets. If injunctive

6

relief is not granted, Debtor's estate may incur administrative costs, succeed on the merits of this Adversary Proceeding, and still leave creditors with little to no recovery.

22.      By this preliminary injunction, Plaintiff only seeks to maintain the status quo, and is, in effect, only requesting this Court issue an order mandating Defendant "do nothing" with respect to the Firearm Assets. For this reason, and the interests of the Debtor's estate that will be protected by a preliminary injunction, the balance of equities favors the Plaintiff.

### iv.      The Public Interest Favors the Issuance of an Order Maintaining the Status Quo on a Preliminary Basis

23.      Considerations of the public interest weigh in favor of the Plaintiff. The Fourth Circuit has asserted that the purpose of the fraudulent conveyance doctrine is to prevent assets from being transferred away from a debtor in exchange for less than fair value, leaving a lack of funds to compensate the creditors. *Field v. U.S. (In re Abatement Env't Res., Inc.)*, 102 Fed. Appx. 272, 276 (4th Cir. 2004) (citation omitted); *see also Bocek v. JGA Assocs., LLC*, 537 Fed. Appx. 169, 178 (4th Cir. 2013) (citing *Buchanan v. Buchanan*, 266 Va. 207, 211 (2003)). Granting a preliminary injunction preserves the most likely path to recovery for creditors – turnover of the fraudulently transferred Firearm Assets.

24.      The public interest of maximizing the options for recovery to creditors whose claims have been prejudiced by a fraudulent transfer of assets favors maintaining the status quo on a preliminary basis. The absence of a preliminary injunction would risk leaving a lack of funds to compensate creditors who are already burdened by the administrative costs of avoiding the transfers of the Firearm Assets.

25.      Congress has specifically authorized bankruptcy courts to issue injunctions under section 105(a) of the Bankruptcy Code to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). In granting a preliminary

injunction to a chapter 7 trustee, the bankruptcy court in *Rosen v. Rood (In re Rood)* concluded that the public interest is "best served by the extraordinary relief of the issuance of a preliminary injunction to prevent further harm to [plaintiff]," and that funds would be dissipated if the injunction were not granted. 2009 Bankr. LEXIS 2975 at *12, Adv. Pro. No. 09-0188PM (Bankr. D. Md. Aug. 18, 2009). Here, preliminary injunctive relief is in the public interest for the same reasons as *Rosen v. Rood* – namely, that Debtor's estate must be spared of further harm and assets which Plaintiff may recover must not be dissipated.

WHEREFORE, Plaintiff respectfully requests that the Court enter an order (a) granting a preliminary injunction against Defendant prohibiting Defendant from transferring any of the Firearm Assets until this adversary proceeding is resolved on the merits; and (b) granting to Plaintiff such other and further relief as the Court deems just and proper.

Respectfully Submitted,
**DONALD F. KING, TRUSTEE**
By Counsel

/s/ *Bandar K. Al-Saif*
**Bandar K. Al-Saif (VSB No. 100059)**
**ODIN FELDMAN PITTLEMAN PC**
**1775 Wiehle Avenue, Suite 400**
**Reston, Virginia 20190**
**Tel:    703-218-2144**
**Fax:    703-218-2160**
**Email:  Bandar.Al-Saif@ofplaw.com**

*Counsel for Plaintiff*

8