UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| SIGNAL HILL SUPPLY & SERVICE INC., | ) | Chapter 7 |
| | ) | Case No. 25-10776-KHK |
| Debtor | ) | |
| _____ | ) | |
| | ) | |
| DONALD F. KING, CHAPTER 7 | ) | |
| TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | A.P. No. 26-01021-KHK |
| | ) | |
| SAMUEL WAYNE HILLENBURG | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ANSWER AND JURY DEMAND

NOW COMES Defendant, through counsel, and for his Answer to the Complaint herein

states as follows:

As to each numbered paragraph, Defendant responds as follows:

1.      Admitted, but denied that this proceeding is constitutionally core.  Defendant does

    not consent to entry of final judgment by the Bankruptcy Court.

2.      Admitted.

3.      Admitted.

4.      Admitted.

5.      Denied.

Daniel M. Press, VSB# 37123
Chung & Press, P.C.
6718 Whittier Ave., Suite 200
McLean, VA 22101
(703) 734-3800
Counsel for Defendant

6.      Denied.

7.      Admitted.

8.      Admitted.

9.      Denied.

10.     Denied.  Defendant filed the articles in his capacity as incorporator.

11.     Admitted,

12.     Admitted.

13.     Admitted.

14.     Admitted.

15.     Admitted,

16.     Admitted.

17.     Admitted,

18.     Admitted.

19.     Defendant incorporates his responses to Paragraphs 1-18.

20.     Denied.

21.     Defendant incorporates his responses to Paragraphs 1-20.

22.     Admitted that this is a partial statement of the law.

23.     Denied.

24.     Defendant incorporates his responses to Paragraphs 1-23.

25.     Admitted.

26.     Denied.

27.     Admitted that this is a partial statement of the law.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Defendant incorporates his responses to Paragraphs 1-30.

32.    Denied.

33.    Denied.

34.    Defendant incorporates his responses to Paragraphs 1-33.

35.    Admitted that this is a partial statement of the law, omitting in particular that to be a distribution, it must be in respect of its shares.

36.    Denied.

37.    Admitted that this is a partial statement of the law.

38.    Denied.

39.    Defendant incorporates his responses to Paragraphs 1-38.

40.    Admitted that this is a partial statement of the law.

41.    Admitted that this is a partial statement of the law.

42.    Denied.

43.    Denied.

44.    Denied.

45.    Defendant incorporates his responses to Paragraphs 1-44.

46.    Denied.

47.    Denied.

48.    Denied.

49.    Denied.

Separate and Affirmative Defenses

1.    The Complaint fails to state a claim on which relief may be granted.

2.    To the extent the Complaint alleges actual rather than constructive fraud, the Complaint fails to plead such fraud with the required particularity.

3.    If the Trustee avoids any Transfer, there is no cause for the Court to order recovery of the value as the transferred items are available to be re-transferred.

4.    Defendant paid fair market value for any items transferred to him.

5.    The Debtor was not insolvent at the time of the alleged transfers.

6.    The transfer(s) were in exchange for consideration deemed valuable in law, including pre-existing debt owed by Debtor to Defendant.

7.    Defendant took for value and in good faith and should Plaintiff recover any alleged voidable payments from Defendant, Defendant shall have a lien on such recovered payments as provided in 11 U.S.C. § 548(c) or other applicable law.

8.    Certain transfers on the books to the license in Defendant's name were as a mere custodian or trustee, were not transferred to him on his own behalf, and Defendant received no legal or equitable title to such items, such items always remaining the property of the customer to whom they belong.

9.    Count VI is barred in part by the statute of limitations.

10.    The transfers were not distributions.

11.    The transfers were legally required under federal firearms law as part of the pre-petition dissolution of the Debtor and termination of its federal firearms license and NFA authorization to possess such items.

12.    The items at issue were transferred with the permission of the Debtor and therefore not converted.

13.    The items at issue were subject to a UCC lien, the holder of which authorized the transfer to protect her interest.

14.    Certain items were not transferred but belonged to Defendant, were held by Debtor on consignment, or pursuant to Debtor's NFA license, and were returned to Defendant.

15.    Certain items constitute post-1986 dealer sample machine guns ("post-samples") registered to a sole proprietor holding a Type 07 Federal Firearms License with a Class 2 SOT. Based on federal law and ATF regulation, these items have no market value and cannot be sold for the benefit of creditors. This is a legal restriction imposed by 18 U.S.C. § 922(o) and the National Firearms Act. Post-sample machine guns cannot be

sold to the public, collectors, or ordinary buyers. Under 18 U.S.C. § 922(o) and 27 C.F.R. § 479.105, machine guns manufactured or imported after May 19, 1986:

- may only be transferred to qualified FFL/SOTs, and only for government sales or demo purposes or for legitimate R&D associated with government contracts;

- cannot be transferred to any private individual;

- cannot be transferred to non-SOT businesses; and

- have no commercial resale market.

Because they cannot be lawfully sold except under narrow government-related circumstances, these firearms cannot generate sale proceeds, and no conventional buyer base exists.  In bankruptcy, non-transferable or contraband items do not enter the estate because under 11 U.S.C. § 541(d), property that cannot be lawfully possessed, transferred, or liquidated is excluded from the bankruptcy estate. Post-1986 machine guns fall into that category because:

- the debtor cannot sell them,

- the bankruptcy trustee cannot sell them, and

- creditors cannot receive them.

The POST SAMPLES were transferred when they were is because they could not legally be transferred until 90 or less days prior to the surrender of the Debtor's license. The Dutch Hillenburg - Firearms Historian license was issued December 1, 2022 and none of these items were transferred until June 21, 2024, one day after the Debtor's June 20, 2024 "going out of business" letter was submitted to ATF and accepted, as Debtor's ATF Annual SOT (Special Occupational Tax) license was set to expire on June 30, 2024.  At that point those items needed to be either transferred to a suitable entity with a valid SOT, destroyed or surrendered.   At this time the Post Sample items cannot be legally transferred to ANYONE unless Defendant again notifies ATF that he is going out of business (surrendering the SOT) and again those items would need to be either

destroyed, transferred to an appropriately licensed dealer with a valid SOT, or surrendered to ATF.

16. Defendant reserves his rights to assert any additional defenses that should appear to be warranted during the course of these proceedings.

**JURY DEMAND**

**Defendant demands trial by jury,**

Dated: June 1, 2026.

Respectfully submitted,

__/s/ Daniel M. Press_____
Daniel M. Press, VSB# 37123
CHUNG & PRESS, P.C.
6718 Whittier Avenue, Suite 200
McLean, Virginia 22101
(703) 734-3800
Counsel for Defendant

CERTIFICATE OF SERVICE

This is to certify that on this 1st day of June, 2026 I caused the foregoing document to be served by on counsel for the Plaintiff by CM/ECF.

__/s/ Daniel M. Press_____
Daniel M. Press